IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JO ANN WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10cv837-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

Plaintiff Jo Ann Watson applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*.  Her applications were denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date through the date of the decision.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #16); Def.'s Consent to Jurisdiction (Doc. #15).  Based on the Court's review of the record and the briefs of the parties, the Court REVERSES the decision of the Commissioner.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

4

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty years old on the alleged disability onset date and held an Associate's degree in Accounting.  Tr. 25.  Plaintiff had past relevant work experience as a sales attendant.  Tr. 32.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 22.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "degenerative disk disease of the lumbar spin, degenerative joint disease, depression, and hypertension." *Id*. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ."  (Step 3) Tr. 23.  Next, the ALJ found that Plaintiff retained the "residual functional capacity to perform less than the full range of light work" along with various restrictions. Tr. 24.  After consulting with a vocational expert, the ALJ found that Plaintiff is able to perform her past relevant work as a sales attendant.  (Step 4) Tr. 32. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from August 14, 2007, through the date of this decision."  Tr. 33.

## IV. PLAINTIFF'S CLAIM

Plaintiff presents one claim for Court's review: "that the ALJ issued an unsupported RFC finding that lacks the support of substantial evidence." Pl.'s Brief (Doc. #10) at 3. Specifically, Plaintiff challenges the ALJ's decision to give great weight to the disability

specialist, and "[i]n so doing . . . rejected the medical opinions expressed by Ms. Watson's treating physician." *Id*. at 3-4. Plaintiff argues that by basing the RFC determination on the disability specialist's opinion, the ALJ lacked the support of substantial evidence because "the opinion of a non-examining, reviewing physician '**is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision**.' *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir.1990)." *Id*. at 4 (emphasis in original).

Defendant clarifies that the disability specialist was a single decision maker ("SDM") and concedes that she was not a medical source. Def.'s Brief (Doc. #11) at 8 n.6. The Court finds more than one problem with the ALJ's decision in this case. First, the ALJ assigned the SDM's opinion great weight. He did so after expressing that he was assigning great weight to Dr. Zweifler's mental RFC and then assigned great weight to the SDM's physical RFC. Tr. 30. That the ALJ relied on the SDM's opinion in forming the physical aspects of the RFC and then assigned the SDM's opinion great weight because "it was consistent with the [RFC] capacity as determined in this decision" was circuitous. *Id*.

Second, while Defendant admits the SDM is not a medical source, as Plaintiff points out, there is nothing in the record to indicate the SDM was even a medical professional. And, while the ALJ clarified that he understood the opinions of non-examining sources are not entitled to controlling weight, he then stated that the opinions must be "considered and weighted as those of highly qualified sources who are experts in the evaluation of the medical and psychological issues in disability claims." *Id*. This declaration appears in the same

6

paragraph in which the ALJ assigned great weight to the SDM's (the non-medical source) physical RFC. This becomes even more troubling, where the ALJ rejected the only RFC prepared by a physician–Dr. Stanfield, Plaintiff's treating physician.[5] *See e.g. Casey v. Astrue*, 2008 WL 2509030 at *4 (S.D. Ala. June 19, 2008) ("Such an assessment particularly is warranted where, as here, the ALJ has rejected the only RFC assessment in the record completed by an examining physician.").

Defendant argues that any error in assigning the SDM weight is harmless because the ALJ's decision is supported by substantial evidence. The problem with Defendant's argument is that the ALJ's error in assigning weight to the SDM's RFC determination "permeates the manner in which the record of this case is presented to this Court." *Nicholson v. Astrue*, 2010 WL 4506997 *6 (W.D.N.C. Oct 29, 2010). The ALJ not only assigned weight to the non-medical source after summarizing the medical evidence of record, he assigned great weight. The ALJ even assigned great weight to the Physician Statement of Fairleigh, *after* finding that the SDM's opinion was supported by the statement. Tr. 31. The court finds troubling the ALJ's use of medical opinion evidence as support for a non-medical opinion that the ALJ is not permitted to even to consider. *Velasquez v. Astrue*, 2008 WL 791950, at *3 (D.Colo. Mar.20, 2008) (Opinion of SDM is "entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources.").

---

[5] Plaintiff does not challenge the ALJ's determination to accord Dr. Stanfield's opinion little weight and this Court makes no determination as to whether the rejection was proper.

The Court finds that this error is not curable in this case because the assignment of great weight in determining the physical aspects of the RFC to a non-medical source leaves the ALJ's determination unsupported by substantial weight. *See Dewey v. Astrue*, 509 F.3d 447, 449-50 (8th Cir. 2007) (remanded because ALJ relied on the RFC determination of a non-physician and court was unable to say that ALJ "would inevitably have reached the same result if he had understood that the RFC Assessment had not been completed by a physician or other qualified medical consultant."); *Nicholson v. Astrue*, 2010 WL 4506997 at *6 (W.D.N.C. Oct 29, 2010) ("Such denomination of a person with no medical credentials whatsoever, as a 'medical consultant' or 'physician' when relying on assertions by an SDM to support medical findings was error.").[6] The ALJ's reliance on the SDM in this case was too pervasive and apparently made up a majority of the physical limitations in the RFC, which in turn allowed the ALJ to find that Plaintiff could perform past relevant work and a finding that she was not disabled.

"Thus, this case will be remanded with instruction to afford the SDM's opinion no weight." *Bolton v. Astrue*, 2008 WL 2038513, at *4 ( M.D. Fla. May 12, 2008).

VI.   **CONCLUSION**

---

[6] The Court also finds persuasive the Court of Appeals holding in *Castel v. Commissioner of Social Sec.*, 355 F. App'x 260, 266-67 (11th Cir. 2009), wherein the court found the ALJ's possible reliance on SDM to be harmless error where "record does not reflect that the ALJ placed great weight on the [SDM's] reports." In contrast, the ALJ in the present case explicitly expressed his assignment of great weight to the SDM's opinion and evaluated at least one other medical source in relation to the SDM's opinion.

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for proceedings consistent with this decision. A separate judgment will issue.

DONE this 14th day of September, 2011.

>/s/ Wallace Capel, Jr.
>WALLACE CAPEL, JR.
>UNITED STATES MAGISTRATE JUDGE